## Plains Township School District's Appeal. No. 1

*Andrew J. Zawoiski,* for Plains Township School District.

*John T. Mulhall,* for appellee.

VALENTINE, P. J., January 15, 1947.—This is an appeal by the School District of Plains Township from the order of Francis B. Hass, Superintendent of Public Instruction, reversing the action of the board of directors of said district in dismissing Loretta Gibbons as a professional employe.

We think that the evidence, upon which the board acted, was clearly insufficient to warrant the action taken, and therefore, irrespective of the other questions raised, the order of the Superintendent of Public Instruction was proper.

The school board adopted a resolution requiring professional employes to establish a residence within the township. The ground for dismissal was that Mrs. Gibbons ,although living within the township, had not established such residence because her husband was not a resident of the township, and that, as a matter of law, his residence was the residence of his wife.

Mrs. Gibbons has been a teacher in the School District of Plains Township for 14 years. She and Dr. Gibbons were married on April 26, 1941. At that time her husband resided at 293 South Main Street, Pittston. Her residence was 219 North Main Street, Plains. Concededly, she never removed therefrom. Dr. Gibbons entered the military service in July 1941. He remained in the service until June 1946. Both Dr. Gibbons and his wife testified that he had not lived in Pittston since their marriage, and that his residence was 219 North Main Street, Plains.

The evidence adduced, by which it was sought to overcome this testimony, consisted of the registration record which showed that Dr. Gibbons was registered as a voter in the 11th Ward of Pittston, and the further fact that he voted in said ward in 1945 at the time when he was still in the service and home on furlough. The date of his registration as a voter in Pittston was not shown. He may have voted in Pittston because he was registered there, although his actual residence was elsewhere. The fact that a person has voted in a municipality is a circumstance to be considered in determining his residence. It is, by no means, conclusive. Smith v. Croom, 7 Fla. 81; Mintzer's Estate, 13 Pa. C. C. 465-7.

The record is devoid of evidence showing that Dr. Gibbons had either occupied the premises at 293 South Main Street, Pittston, since 1941, or that any of his personal belongings had been located therein since his entry into the military service. His testimony, and that of his wife, that upon their marriage in 1941 they had established a residence at 219 North Main Street, Plains Township, and that they still maintain the same, has not been contradicted by either direct testimony or by circumstances.

Appeal is dismissed and the order of the Superintendent of Public Instruction affirmed.